IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Ravago, et al., | Case No. 1:22-cv-00745 |
| Plaintiffs, | |
| v. | **Plaintiffs' Motion for Jane Doe #1 to Proceed Anonymously** |
| Lightfoot, et al., | |
| Defendants. | |

Pursuant to this Court's inherent authority, for the reasons outlined below, Plaintiffs respectfully request this Court to permit one of their number to proceed anonymously through the use of a Jane Doe designation.[1]

## INTRODUCTION

After nearly two years of pandemic response, conflicts over the issue of vaccination have deeply divided this country, and for understandable reasons: the question of whether to vaccinate implicates core questions regarding individual autonomy, ethical duties, and public policy. Disagreements over this vital issue have inflamed tensions, and Plaintiff Jane Doe #1 rightfully lives in fear that the public disclosure of her vaccination status could subject her to reprisal by her fellow citizens and employer who have made a different choice on this most personal of questions. For this reason, Plaintiff Jane Doe #1 asks this Court to exercise its inherent authority to permit her to proceed anonymously through the use of a Jane Doe designation. The Court should grant Plaintiffs' motion for her to proceed anonymously because to do otherwise would both defeat the

---

[1] Plaintiffs have advised the City Defendants of this motion, and their counsel take no position until they have an opportunity to review the motion. Plaintiffs have not been successful in their attempts to contact the County to ascertain its position.

purpose of her claim for medical and informational privacy and subject her to harassment, retaliation, and even sanction for her attempt to assert her rights.

Plaintiffs' request is hardly unprecedented, and indeed courts around the country have repeatedly allowed pseudonymous litigation in exactly this circumstance: where the unvaccinated challenge mandates that they submit to vaccination requirements. *See, e.g.*, *U.S. Navy SEALs 1-26 v. Biden*, No. 4:21-cv-01236-O (N.D. Tx. Jan. 3, 2022); *Navy Seal 1 v. Biden*, No. 8:21-cv-2429-SDM-TGW, 2021 U.S. Dist. LEXIS 224656, at *9 (M.D. Fla. Nov. 22, 2021); *Dr. A v. Hochul*, No. 1:21-CV-1009, 2021 U.S. Dist. LEXIS 199419, at *25 (N.D.N.Y. Oct. 12, 2021). Courts recognize that cases like these tend to provoke strong emotions in the community and therefore create a significant risk that plaintiffs will suffer social ostracism, harassment, and retaliation. *Does v. Mills*, No. 1:21-cv-00242-JDL, 2021 U.S. Dist. LEXIS 167020, at *4-5 (D. Me. Sep. 2, 2021) (recognizing "substantial public controversy currently surrounding public and private mandates requiring individuals to be vaccinated for the COVID-19 coronavirus or to provide proof of vaccination status."); *Doe v. Perkiomen Valley Sch. Dist.*, No. 22-cv-287, 2022 U.S. Dist. LEXIS 12903, at *3-4 (E.D. Pa. Jan. 25, 2022) (similar); *Doe v. N.Y. Univ.*, 537 F. Supp. 3d 483, 496-97 (S.D.N.Y. 2021) (similar). Of relevance to this Court, a judge of the Northern District of Illinois recently granted pseudonym status because of "the charged atmosphere concerning vaccinations and vaccine mandates," and the possibility of retaliation in the workplace. *Doe v. NorthShore Univ. Healthsystem*, No. 21-cv-05683, 2021 U.S. Dist. LEXIS 228371, at *27 (N.D. Ill. Nov. 30, 2021).

Additionally, given that this case ultimately turns on purely legal questions, courts regularly find that there is little to no need for the public or the parties to know the plaintiffs' identities.

Given these sensitive issues, Plaintiff Jane Doe #1 reasonably fears that she will suffer harassment and retaliation for her participation in this lawsuit. Allowing Doe to proceed anonymously will not prejudice Defendants in any way, so the safety, well-being, and privacy of Doe outweighs the interest of Defendants and the public in knowing her identities. Accordingly, Plaintiffs respectfully request an order permitting her to proceed with this case using a Jane Doe designation.

**FACTS**

The debate over the medical and moral imperative of vaccination has divided communities, employers, and even governments. The stress of an ongoing pandemic understandably inflames passions, as one can see in news reports every day. The unvaccinated are being fired from their jobs.[2] From clinics,[3] to schools,[4] to popular restaurants,[5] each side is showing up (or in the case of students, walking out) to protest in one direction or the other, and too often the heightened passions around these issues turn those protests violent. *Ams. for Prosperity v. Grewal*, No. 3:19-cv-14228-BRM, 2019 U.S. Dist. LEXIS 170793, *61 (D.N.J. Oct. 2, 2019) (we live in "a climate marked by the so-called cancel or call-out culture that has resulted in people losing employment, being ejected or driven out of restaurants while eating their meals; and where the Internet removes any geographic barriers to cyber harassment of others."). It is in this climate that Plaintiffs come to this

---

[2] Erin Mulvaney, '*No Jab, No Job' on the Rise: Worker Rights, Risks Explained*, Bloomberg Law, Jan. 11, 2022, https://news.bloomberglaw.com/daily-labor-report/no-jab-no-job-on-the-rise-workplace-rights-risks-explained.

[3] Timothy Bella, *Man arrested on charges of attacking vaccination clinic, injuring staffers he called 'murderers'*, Wash. Post, Jan. 5, 2022, https://www.washingtonpost.com/health/2022/01/05/california-vaccination-clinic-attack-apollo/.

[4] Kiara Alfonseca, *Denver students join nationwide protests, classroom walkouts over COVID-19 safety*, ABC News, Jan. 20, 2022, https://abcnews.go.com/US/denver-students-join-nationwide-protests-classroom-walkouts-covid/story?id=82373229.

[5] Brie Stimson, *NYC vaccine mandate protesters arrested at Times Square Olive Garden restaurant*, Fox News, Jan. 15, 2022, https://www.foxnews.com/us/nyc-vaccine-mandate-protesters-arrested-times-square-olive-garden-restaurant.

Court, asking that it allow Jane Doe #1 to assert her rights under the law without endangering her career and her family.

On January 3, 2022, both the Cook County Board of Public Health and the City of Chicago Commissioner of Public Health issued the operative versions of their public health orders requiring individuals to show proof of vaccination to enter certain businesses (the "vaccine passport" requirement). Compl. Exs. A & B. Each order requires that covered businesses make patrons aged five and older show proof of vaccination as a condition of entry. The covered businesses include bars and restaurants, event venues, theaters, sports arenas, health clubs, gyms, and yoga studios, among others. Patrons 16 years and older must show ID that matches the proof of vaccination.

Plaintiffs are residents of Cook County and the City of Chicago, each of whom is unvaccinated, and each of whom wishes to go about performing basic functions of daily life—eating, exercising, visiting the local library, or attending a public gathering—but will be prevented from doing so unless they both involuntarily subject themselves to an invasion of their bodily autonomy *and* also disclose their most personal medical decision to strangers guarding the door of everyday public accommodations. Plaintiff Jane Doe #1 has a legitimate fear that the exposure of her identity in this litigation could subject her to harassment and retaliation.

## ARGUMENT

### I.  Courts around the country allow plaintiffs to sue using pseudonyms in appropriate circumstances.

Courts have inherent authority to allow plaintiffs to proceed anonymously. *Verogna v. Twitter, Inc*., 2020 U.S. Dist. LEXIS 155565, *3 (D.N.H. Aug. 27, 2020); *Langland v. Sec'y of HHS*, No. 07-36V, 2011 U.S. Claims LEXIS 181, at *27 (Fed. Cl. Feb. 3, 2011). Courts regularly allow plaintiffs to file lawsuits anonymously, even when there is no specific rule or procedure for doing so. *See generally*, Donald P. Balla, *John Doe Is Alive and Well: Designing Pseudonym Use*

*in American Courts*, 63 Ark. L. Rev. 691 (2010); 67A *C.J.S. Parties* § 174. So too in the Seventh Circuit, where "the presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the party requesting anonymity exceeds the likely harm from concealment." *Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 721–24 (7th Cir. 2011).[6] And not just the Seventh Circuit— nearly every federal circuit has recognized that plaintiffs may sue anonymously in appropriate circumstances. *See*, *e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–91 (2d Cir. 2008); *Doe v. Colautti*, 592 F.2d 704, 705 (3d Cir. 1979); *James v. Jacobson*, 6 F.3d 233, 238–43 (4th Cir. 1993); *Doe v. Stegall*, 653 F.2d 180, 184–86 (5th Cir. 1981); *Doe v. Porter*, 370 F.3d 558, 560–61 (6th Cir. 2004); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067– 69 (9th Cir. 2000); *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 415–18 (10th Cir. 1982); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684–87 (11th Cir. 2001); *see also In re Sealed Case*, 931 F.3d 92, 96–97 (D.C. Cir. 2019).

Even the U.S. Supreme Court has implicitly endorsed the practice, most famously in *Roe v. Wade*, 410 U.S. 113, 124 (1973), and *Doe v. Bolton*, 410 U.S. 179, 187 (1973) ("Our decision in *Roe v. Wade*, establishes that, despite her pseudonym, we may accept as true, for this case, Mary Doe's existence and her pregnant state."). *See also Plyler v. Doe*, 457 U.S. 202 (1982); *Poe v. Ullman*, 367 U.S. 497, 498 n.1 (1961).

Federal courts frame the inquiry as to whether a plaintiff may proceed anonymously as "a balancing test that weighs the plaintiff's need for anonymity against countervailing interests in full disclosure," and have identified a variety of factors to consider in deciding whether to allow a

---

[6] The Seventh Circuit later granted rehearing *en banc* and vacated the panel's opinion in this case, but "adopt[ed] the panel's original analysis on the issue[ ] of . . . anonymity" and confined its reconsideration to other issues. *Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 687 F.3d 840, 842–43 (7th Cir. 2012).

plaintiff to sue anonymously. *Sealed Plaintiff*, 537 F.3d at 189 (surveying caselaw); *Elmbrook Sch. Dist.*, 658 F.3d at 722. These factors include: (1) whether "the litigation involves matters that are highly sensitive and of a personal nature," such as controversial medical issues, *Sealed Plaintiff*, 537 F.3d at 190 (citation omitted); *Jacobson*, 6 F.3d at 238; *Aware Woman Center*, 253 F.3d at 685 (abortion); *Roe v. Wade*, 410 U.S. 113 (same); *Ullman*, 367 U.S. 497 (birth control); (2) whether the case "implicate[s] deeply held beliefs [that] provoke intense emotional responses," such as "[l]awsuits involving religion," *Elmbrook Sch. Dist.*, 658 F.3d at 723; *Stegall*, 653 F.2d at 186; (3) whether there is a "danger of retaliation" due to the sensitive issues raised in a lawsuit, *Elmbrook Sch. Dist.*, 658 F.3d at 723; *Stegall*, 653 F.2d at 186; *Sealed Plaintiff*, 537 F.3d at 190; (4) whether the lawsuit "challeng[es] the actions of the government," *Sealed Plaintiff*, 537 F.3d at 190; *Jacobson*, 6 F.3d at 238; (5) whether "because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," *Sealed Plaintiff*, 537 F.3d at 190 (citation omitted); and (6) whether "the defendant is prejudiced by allowing the plaintiff to press his claims anonymously." *Sealed Plaintiff*, 537 F.3d at 190; *Elmbrook Sch. Dist.*, 658 F.3d at 724.

## II.     Plaintiffs have compelling reasons for anonymity in this case.

This is exactly the type of case that warrants allowing Jane Doe #1 to proceed anonymously. The facts here fit well with the precedents discussed above: this lawsuit involves matters that are highly sensitive and of a personal nature, implicates deeply held beliefs (including religious beliefs) that provoke intense emotional responses, identification may subject Plaintiffs to harassment or retaliation, Plaintiffs are challenging government actions, and the issues in the case are purely legal and therefore Plaintiffs' exact identities are irrelevant.

It is true that the Seventh Circuit has suggested that disclosure of medical information by itself is not sufficient for pseudonymous litigation. *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). But *Blue Cross* dealt with the question of medical records in isolation—the issue was insurance payments for psychiatric care—and not in a situation, as here, where that medical information is tied to an ongoing public controversy about which there are public protests on almost a daily basis. In this case, there is a significant danger of retaliation against Plaintiffs for participating in this case, and courts have repeatedly found that to be "a compelling ground for allowing a party to litigate anonymously." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004); *Elmbrook Sch. Dist.*, 658 F.3d at 723; *Stegall*, 653 F.2d at 186; *Sealed Plaintiff*, 537 F.3d at 190; *see also Roe v. City of Milwaukee*, 37 F. Supp. 2d 1127, 1129 (E.D. Wis. 1999) (allowing use of pseudonym to avoid "ostracism, harassment and perhaps, discrimination"). The combination of the sensitivity of the personal information combined with the potential repercussions if Plaintiffs' identities are disclosed counsels allowing anonymity in this case.

Here, Jane Doe #1 is a public employee whose vaccination status is private at her public workplace. Jane Doe works at a public school, where she has a religious exemption. According to her declaration, she is "concerned that I will face harassment and retaliation from my employer and coworkers if they learn that I am litigating this case." (¶ 16). She points out that she has been subject to uncomfortable pressure from peers at her school over her vaccination status, which she has kept private. (¶ 17). However, she has had to endure "multiple invasive questions" from her supervisor about her religious beliefs. (¶ 18). Her religious exemption is "subject to change" as the district has reserved the right to cancel it in their discretion. (¶ 18). As a result, she "feel[s]

intimidated and fearful that I could face retaliation, lose my exemption status, and ultimately my employment status because of my vaccination status." (¶ 19).

Given the toxic environment, Jane Doe #1 is understandably concerned that she will be retaliated against or harassed if her identity is made known. Disclosing her identity would place her under significant risk of ostracism, harassment, discrimination, unofficial or *sub rosa* retaliation, and even physical harm, risks that can be entirely avoided by allowing her to proceed as Jane Doe. For these reasons, Plaintiff Jane Doe #1 has a substantial need for privacy in this case.

## III.    Because this case presents purely legal issues, the interest in identification is low.

Courts have identified various factors for evaluating the "countervailing interests in full disclosure," *Sealed Plaintiff*, 537 F.3d at 189, and every one of these factors cuts in favor of allowing Plaintiff to proceed anonymously here.

First, this case presents "an atypically weak public interest in knowing the [Plaintiffs'] identities" due to "the purely legal nature of the issues presented." *Sealed Plaintiff*, 537 F.3d at 190. Courts have recognized that, when "disguising plaintiffs' identities will [not] obstruct public scrutiny" of important but sensitive issues, "the public[] interest" is actually *best served* by "enabling [the lawsuit] to go forward" through the use of pseudonyms because it encourages plaintiffs to raise sensitive issues "of interest to the public at large" without "fear of [ ] reprisals." *Advanced Textile Corp.*, 214 F.3d at 1072–73. Thus, for example, "the question whether there is a constitutional right to abortion is of immense public interest, but the public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*." *Id*. at 1072 n.15.

This case raises the important and purely legal question of whether Defendants have the power to bar Plaintiffs from public accommodations on the basis of their vaccination status. Nothing in this case turns on the particular private citizens involved. The Plaintiffs do not allege

that they are materially different from other citizens of Cook County or the City of Chicago. Rather, the Plaintiffs simply assert legal rights belonging to all citizens. And this case has "widespread implications . . . of interest to the public at large," *Advanced Textile Corp.*, 214 F.3d at 1072, so Plaintiffs should be allowed to raise it anonymously without risking harm.

For the same reason, Defendants will not be "prejudiced" by "allowing [Plaintiff] to press [her] claims anonymously." *Sealed Plaintiff*, 537 F.3d at 190; *Elmbrook Sch. Dist.*, 658 F.3d at 724. Again, this entire case turns on the vaccine passport's legality. Only a few basic facts about the Plaintiffs are necessary: That they are residents within the jurisdiction governed by Defendants' vaccine passport requirements, that they are unvaccinated, and that they wish to partake in activities that Defendants' orders restrict to those with proof of vaccination.[7] In the particular case of Jane Doe #1 and several other plaintiffs, they also have a religious objection to the currently available vaccines due to their strong pro-life beliefs.

Next, seven of eight plaintiffs are publicly identified in the case. They do not seek anonymity because they have employment or family circumstances which insulate them from the possibility of destructive retaliation. Jane Doe #1 is just as committed as the other plaintiffs to defending her rights, but because of the fear of official or coworker retaliation in her workplace, she seeks to proceed anonymously.

The presence of the named plaintiffs in the case further eliminates any prejudice to the Defendants. "[W]hen one plaintiff has standing to bring all claims in an action, the court need not inquire into the standing of other plaintiffs." *Ala.-Tombigbee Rivers Coal. v. Norton*, 338 F.3d

---

[7] Even if there is some fact about the Plaintiffs that Defendants believe they need to raise some defense to this lawsuit, there is still no need for it to know who the Plaintiffs are. The Defendants can identify whatever facts they believe they need and Plaintiffs' counsel can either stipulate to them or work with its counsel to allow limited discovery without disclosing the Plaintiff's identity, such as written interrogatories.

1244, 1251 n.7 (11th Cir. 2003). *See Mount Evans Co. v. Madigan*, 14 F.3d 1444, 1453 (10th Cir. 1994) (similar). The same principle makes sense in this context: where several named plaintiffs obviously have standing, the Court can grant anonymity to the other plaintiff safe in the knowledge that the case is on a proper footing and that the Defendants have experienced no prejudice.

Lastly, Doe's request to proceed using a pseudonym is the least restrictive exception from disclosure to protect her substantial need for privacy. Plaintiffs are not asking to keep the entire record in this case confidential or to shield anything other than her identity. Defendants and the public will have access to all briefs and filings in the case, including Plaintiffs' declarations (with only Doe's name redacted).

Thus, neither Defendants, nor the public, will suffer harm of any type if one plaintiff is permitted to proceed anonymously here.

## CONCLUSION

Given that there are multiple compelling reasons to allow Jane Doe #1 to proceed anonymously, and that there is little to no need for Defendants or the public to know who the unnamed Plaintiff is, the balance tips in favor of granting Plaintiffs' motion to proceed anonymously. *Sealed Plaintiff*, 537 F.3d at 189; *Elmbrook Sch. Dist.*, 658 F.3d at 722. For the same reasons that another judge of this District has already granted this type of motion, *Doe v. NorthShore Univ. Healthsystem*, No. 21-cv-05683, 2021 U.S. Dist. LEXIS 228371, at *27 (N.D. Ill. Nov. 30, 2021), the Plaintiffs respectfully request that this Court grant their motion for Jane Doe #1 to proceed anonymously.

DATED: February 18, 2021        Respectfully submitted,

                      /s/ Daniel R. Suhr

                      Daniel R. Suhr
                      Jeffrey M. Schwab
                      Liberty Justice Center
                      141 W. Jackson Blvd., Suite 1065
                      Chicago, Illinois 60604
                      Telephone (312) 263-7668
                      Facsimile (312) 263-7702
                      dsuhr@libertyjusticecenter.org
                      jschwab@libertyjusticecenter.org

## CERTIFICATE OF SERVICE

I, Daniel Suhr, an attorney, hereby certify that on February 18, 2022, I cause to be served the Plaintiffs' Motion for Jane Doe #1 to Proceed Anonymously on all parties in accordance with F.R.C.P. 4 & 5.

                      /s/ Daniel Suhr